## N. Y. COMMON PLEAS.

ELLEN MULCAHEY agt. THE EMIGRANT INDUSTRIAL SAVINGS BANK.

*Contract — Deposits in savings bank to credit of K. or F. — Rights of parties do not descend to personal representatives.*

Where a savings bank opened an account "with John O'Keefe or Ellen Mulcahey, creditor:"

*Held,* that the contract means that the money may be paid to either as in the case of a joint deposit. But if one of said persons die the money cannot be paid to his legal representatives but must be paid to the survivor. The reasons stated.

*General Term, January,* 1881.

*Before* C. P. DALY, *Ch. J.,* J. F. DALY *and* BEACH, *JJ.*

UPON the trial the following facts appeared, to wit, an account was opened with the defendant as follows : " *Dr.* Emigrant Industrial Savings Bank in account with John O'Keefe or Ellen Mulcahey, *Cr.*" O'Keefe subsequently died and letters of administration were issued upon his estate to his widow, and upon presentation of these letters the defendant paid over the entire money on deposit to the administratrix so appointed.

Ellen Mulcahey subsequently sued the defendant to recover the same moneys. Upon the trial before Mr. justice VAN BRUNT the defendant, after proof of the facts, moved to dismiss the complaint.

The court said : " Well, I am inclined to the opinion that you have not carried out your contract ; that is the only point in this case. It does not seem to me that any evidence in regard to conversations at the time of the deposit, or at any

other time in reference to this matter, can change the rights of the parties under that contract. The contract was that the money should be paid to John O'Keefe or Ellen Mulcahey; and that was the agreement. There is no question that if John O'Keefe had taken the whole of this money, no matter how much Ellen Mulcahey might say 'you shan't draw it,' the bank would be protected. The only question is, whether these rights descended to the personal representative of the party making the deposits. John O'Keefe, if living, could have drawn that money from the bank. I am of the opinion that it was in the nature of a personal right and that as long as John O'Keefe or Ellen Mulcahey was alive either party who was living had a right to collect the money from the bank, and that right did not descend to the personal representative. It might be likened to the principle of a partnership. Suppose they had been partners and deposited this fund so that O'Keefe could have drawn the whole, or Ellen Mulcahey could have drawn the whole, the right to draw would not have descended to the personal representative, and it seems to me that was the nature of this contract at the time this money was deposited; and for that reason, it seems to me, the right to draw did not go to the personal representative and did go to the survivor. It seems to me that that is the principle to which it is likened. We must assume, in view of the nature of this contract, that these parties had a joint interest in it in some way or another. There was a joint interest between the two."

Motion denied and a verdict directed by the court for the plaintiff, the exceptions to be heard in the first instance at general term, judgment in the meantime suspended. The verdict was for $1,697 with interest from March 14, 1873. Upon the hearing at the general term the following opinion was filed:

*W. F. Howe*, for plaintiff.

*John E. Develin*, for defendant.

J. F. DALY, *J.*— As it is admitted by defendant that Ellen Mulcahey and John O'Keefe were both present at the bank at the time of the deposit of the money which is the subject of this action, that fact, coupled with the opening of the account in the name of both in the manner hereinafter mentioned, is, in the absence of all proof to the contrary, sufficient evidence that the money was the joint property of the depositors, and that the deposit was a joint deposit.

During the life of both the moneys might have been paid to either as joint creditors of the bank. The recital in the pass-book, " *Dr. Emigrant Industrial Savings Bank, in account with John O'Keefe or Ellen Mulcahey, Cr.*," expressed no more than that the moneys might be paid to either, as in the case of all joint deposits. It did not create a several liability, but was merely declaratory of the obligation of the bank and the right of the depositors, as in all cases of joint deposits.

It did not take from this plaintiff, Ellen Mulcahey, the survivor, the right to draw the whole sum, nor give to the personal representatives of John O'Keefe, deceased, the right to draw on presenting the book. The pass book cannot be considered as a written instrument, assignable by either payee, and passing to the representatives of the holder, as in the case of special contracts to pay (*Record* agt. *Chisun,* 25 *Texas,* 348, *cited by appellant*). The right of action is upon the deposit.

As to the objection that the plaintiff made no effectual demand on the bank, because she did not produce the pass book, it appears from the testimony of Hannah Lyons, that defendants had already paid over the fund to Mrs. O'Keefe when plaintiff demanded it, and it appears from defendant's answer that it was so paid to Mrs. O'Keefe on production and transfer by her to the bank of the pass book. It was, therefore, impossible for plaintiff to comply with the by-laws and produce the book, as defendant then had it.

The exceptions should be overruled, and judgment for plaintiff entered upon the verdict with costs.

C. P. DALY, C. J., and BEACH, J., concurred.